UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE SALDANA,<br><br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT USA, INC.; and DOES 1 through 20, inclusive,<br><br>    Defendants. | No. 1:16-cv-00484-DAD-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND<br><br>(Doc. No. 11) |

On February 4, 2016, Yvonne Saldana ("plaintiff") filed the current action against Home Depot USA, Inc. ("defendant") in the Kern County Superior Court, alleging multiple violations of the California Fair Employment Housing Act ("FEHA"), codified at California Government Code § 12900 *et seq.*, and state wage and hour laws. (*See* Doc. No. 1-2.) Defendant removed the action to this court on April 4, 2016 pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446. (Doc. No. 1.) On May 10, 2016, plaintiff filed a motion to remand the case back to state court, alleging defendant had failed to establish both diversity of citizenship between the parties and an amount in controversy exceeding $75,000 as required by 28 U.S.C. § 1332. (Doc. No. 11.) Defendant filed its opposition on May 24, 2016. (Doc. No. 12.) Plaintiff subsequently filed a reply on May 31, 2016. (Doc. No. 15.) Oral argument was heard on June 7, 2016. Attorney Lawrence Freiman appeared telephonically on behalf of plaintiff, and Attorney Michael Wilson, Jr. appeared telephonically on behalf of defendant.

**I.     Legal Standard**

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. *City of Chicago*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. § 1441 et seq. These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67. The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").[1]

Diversity jurisdiction exists in actions between citizens of different States where the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. Diversity of citizenship must be complete, and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

The removing party bears the burden of showing the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The amount in controversy must be determined as of the date of removal. *Conrad Assoc. v. Hartford Acc. &*

---

[1] An order remanding a case based on a lack of subject matter jurisdiction is not appealable. 28 U.S.C. § 1447(d); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638–39 (2009).

*Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (citing *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993) and *United Farm Bureau Mut. Ins. Co. v. Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994)). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Comm. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail North Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)).

**II.   Analysis**

Plaintiff argues defendant has failed to satisfy both elements of diversity jurisdiction. Regarding citizenship, plaintiff asserts defendant does not affirmatively allege its citizenship in its notice of removal. (Doc. No. 11 at 4.) Plaintiff also claims defendant fails to prove by a preponderance of the evidence the amount in controversy exceeds $75,000. (*Id*. at 5–8.) The court will analyze each argument in turn.

*a.   Diversity of Citizenship*

As discussed above, § 1332 requires complete diversity of citizenship. A natural person who is a United States citizen is a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c). "'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 92–93 (2010).

Here, defendant argues complete diversity is established because plaintiff alleges in her complaint she resides in California and because defendant is a corporation neither incorporated in or having its principal place of business located in California. Generally, "[a] person residing in a

given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. However, a plaintiff's residence can serve as "prima facie" evidence of his domicile. *Socoloff v. LRN Corp.*, No. CV 13-4910-CAS (AGRx), 2013 WL 4479010, at *3 (C.D. Cal. Aug. 2013); *Bey v. SolarWorld Industries Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) (citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011)). In its notice of removal, defendant includes a declaration from Benita Radcliffe—a district human resources manager for defendant—stating plaintiff worked in Bakersfield, California from 2006 up until her termination in 2014. (Doc. No. 17 at ¶ 4.) The court finds defendant has adequately established plaintiff is a citizen of California based on her long employment history in California as well as plaintiff's own assertions regarding her residency.[2]

The court also finds defendant has adequately asserted it is not a citizen of California. Defendant is incorporated in Delaware and has its principal place of business in Georgia, making it a citizen of those two states. (Doc. Nos. 1 at ¶ 10; 1-7 at ¶ 3.) Because there is no overlap in citizenship between plaintiff and defendant, complete diversity is satisfied.

### b. Amount in Controversy

The court addresses in turn each category of relief defendant contends should factor into determining the amount in controversy posed by this action.

### i. Compensatory Damages

Plaintiff's complaint seeks compensatory damages, including payment of earned wages, withheld earnings, overtime compensation, and waiting time compensation. (Doc. No. 1-2 at 15.) Plaintiff also seeks damages for "loss of income incurred and to be incurred" as well as "payment for all statutory obligations and penalties as required by law." (*Id.*) Lastly, plaintiff also seeks compensation for her "humiliation, emotional distress and mental pain and anguish . . . ." (Doc. No. 1-2 at ¶¶ 46, 53, 58, 64, 69, 75.)

Absent from plaintiff's own complaint is any estimate of the total sought with respect to these categories of damages. Defendant attempts to provide some figures in its opposition, but

---

[2] This finding is further bolstered by plaintiff's failure to present any argument to the contrary.

1  fails to fully explain its arithmetic.  For example, according to defendant, should plaintiff prevail
2  on her lost income claim, she will be entitled to recover $29,889.00.  (Doc. No. 12 at 7.)
3  Defendant arrived at this figure by multiplying plaintiff's average monthly earnings ($1,660.50)
4  by 18 months.  (*Id.*)  While defendant adequately supports how it derived plaintiff's average
5  monthly earnings, *see* Doc. No. 14 at ¶ 3, it does not explain why it chose to multiply that figure
6  by the given time period.  If the time period represents the span between plaintiff's termination
7  (April 18, 2014) and the filing of her complaint (February 4, 2016), defendant shorted itself
8  nearly four months.  "A court 'cannot base [its] jurisdiction on a [d]efendant's speculation and
9  conjecture." *Korn*, 536 F. Supp. 2d at 1205 (quoting *Lowdermilk v. United States Bank Nat'l*
10 *Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007)).
11     However, the court finds use of defendant's equation will not result in shifting defendant's
12 estimate from reasonable to speculative.  This is because "[i]n measuring the amount in
13 controversy, a court must assume that the allegations of the complaint are true and that a jury will
14 return a verdict for the plaintiff on all claims made in the complaint." *Id*. (citing *Kenneth*
15 *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).
16 Plaintiff does not limit the time frame for which she seeks to recover lost income, making 18
17 months' worth of lost income a conceivable amount she could recover based on the plain wording
18 of the allegations of her complaint.  The court finds an estimate of at least $29,889.00 in lost
19 wages to be reasonable.
20     The court also finds reasonable defendant's contention plaintiff will be able to recover
21 $1,660.50 in waiting time penalties if her fifth cause of action is successful.  (Doc. No. 14 at ¶ 3.)
22     Based on defendant's submissions, the court finds it is reasonable to expect plaintiff to
23 recover at least $31,549.50 in compensatory damages.
24                    ii.  Punitive Damages
25      The amount in controversy may include punitive damages when they are recoverable as a
26 matter of law.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  Plaintiff's action is
27 brought pursuant to the FEHA, under which punitive damages are available.  Cal. Gov't Code §
28 12940.

"A defendant may introduce evidence of jury verdicts from other cases with analogous facts to establish probable punitive damages." *Denton v. G4S Secure Solutions (USA) Inc.*, No. 2:13-cv-02037-KJM-KJN, 2014 WL 281182, at *4 (E.D. Cal. Jan. 23, 2014) (citation omitted). Here, defendant cites to a number of cases in which juries have awarded substantial punitive damages to plaintiffs alleging wrongful termination. *See Escalante v. Wilson's Art Studio*, 38 Trials Digest 4th 1 (Cal. Superior Court June 18, 2001) (awarding $85,000 in punitive damages by stipulation); *Maxwell v. Beverly Enterprises-California, Inc. d/b/a Beverly Manor Convalescent Hosp.*, JVR No. 176523 (Cal. Superior Court Nov. 1995) (jury awarded $1.55 million in punitive damages, later reduced by judge to approximately $430,000); *Dackerman v. The Military Press, et al.*, JVR No. 187716 (Cal. Superior Court Feb. 1996) (award of $200,000 in punitive damages for plaintiff alleging wrongful termination); *Schell v. City of Los Angeles*, 2 Trials Digest 5th 3 (C.D. Cal. June 21, 2001) (plaintiff alleging retaliatory firing awarded $750,000 in punitive damages); *Eun Joo Ko v. Square Group, LLC d/b/a The Square Supermarket*, JVR No. 1503030036 (Cal. Superior Court July 3, 2012) (plaintiff alleging violation of FEHA, among other causes of action, awarded $500,000 in punitive damages). Plaintiff complains defendant cannot rely on the above referenced awards because it has failed to establish overlap between the facts of the current action and those of the cited cases. But a defendant does not need to show that cases are factually similar. Rather, a defendant needs to show only that the cases are "analogous," which the undersigned interprets to mean involving the same cause of action. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involved distinguishable facts is not dispositive . . . [because] the jury verdicts in [the cited] cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

Defendant has established that a significant punitive damages award is likely should plaintiff succeed in proving the allegations of her complaint.

     *iii. Attorney's Fees*

An award of attorney's fees may be considered in tabulating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Here, plaintiff alleges

1  claims under the FEHA and various provisions of the California Labor Code both of which allow
2  for the recovery of attorney's fees.  Cal Gov't Code § 12965; Cal. Labor Code § 281.5.  Plaintiff
3  also seeks recovery of such an award in her prayer for relief.  (Doc. 1-2 at 15.)

4  District courts in the Ninth Circuit are split on whether a calculation of attorney's fees is
5  to include only those incurred up to the removal or those that will likely be incurred should the
6  case proceed through trial.  *See Diaz v. Carmax Auto Superstores California, LLC*, No. 1:15-cv-
7  00523-AWI-SAB, 2015 WL 3756369, at *6 (E.D. Cal. June 16, 2015) (summarizing current split
8  amongst district courts).  However, this is a fray the court need not to join.  Defendant cites to one
9  jury verdict in which the prevailing party—suing under the California Labor Code's anti-
10 retaliation statute—was awarded $273,481 in attorney fees *and costs*.  However, federal law
11 prohibits including costs when calculating the amount in controversy.  28 U.S.C. § 1332 (". . .
12 exclusive of interest and costs . . .").  Besides this single citation, defendant provides no other
13 estimate—conservative or otherwise—of reasonable rates in this region or of the expected
14 billable hours to be incurred for a case of this nature.  Thus, defendant has not satisfied its burden
15 of establishing the amount of attorney's fees plaintiff will recover if successful in this action.

16 **III.    Conclusion**

17 The court finds that defendant has established complete diversity and an amount in
18 controversy exceeding $75,000.  Defendant has shown that plaintiff is likely to recover
19 $31,549.50 in compensatory damages.  Furthermore, taking the allegations in the complaint as
20 true, defendant has also shown plaintiff will likely recover punitive damages far in excess of the
21 remaining $43,450.50 needed to satisfy the jurisdictional limit.  Thus, plaintiff's motion to
22 remand the case to state court is denied.

23 For the reasons set forth above, plaintiff's motion to remand (Doc. No. 11) is denied.

24 IT IS SO ORDERED.

25 Dated: **June 20, 2016**
26                                                                                    UNITED STATES DISTRICT JUDGE

27
28